IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDDY LYNCH, JR., #169911, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:26-CV-18-BL-KFP ) |
| KAYLA ALBRITTON and STATE OF ALABAMA, | ) ) ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Freddy Lynch, Jr., an inmate proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. Doc. 1. Lynch is confined at Loxley Community Work Center in Loxley, Alabama, which is located in the Southern District of Alabama. *Id*. at 1. Lynch challenges his conviction entered in Calhoun County, Alabama, which is located in the Northern District of Alabama. *Id*. For the reasons set forth below, the undersigned Magistrate Judge RECOMMENDS that this action be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

28 U.S.C. § 2241(d) provides:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

Thus, under this statute, venue is not proper in the Middle District of Alabama. Instead, the proper courts to entertain Lynch's § 2254 Petition are (a) the district court for the district in which he is in custody (the Southern District of Alabama); and (b) the district court for the district in which the state court that convicted and sentenced him was held (the Northern District of Alabama).

Under 28 U.S.C. § 2241(d), this Court may, "in the exercise of its discretion and in furtherance of justice," transfer this action to the appropriate district court for hearing and determination. Because the Northern District of Alabama is likely more familiar with the state courts within its district and would likely be more convenient for any witnesses in the event of an evidentiary hearing, the undersigned finds that the interests of justice weigh in favor of a transfer to the Northern District. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973) ("Congress explicitly recognized the substantial advantages of having [petitions for habeas corpus] resolved in the court which originally imposed the confinement or in the court located nearest the site of the underlying controversy.").[1]

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).

---

[1] *See also Diggs v. Gordey*, No. 5:15-cv-1177-JHH-JEO, 2015 WL 4941240, at *3 (N.D. Ala. Aug. 19, 2015) (transferring habeas petition to district of conviction "because that is where the contested proceedings took place and would thus presumably be more convenient for witnesses"); *Avalos v. Mullins*, No. CA 10-0595-WS-C, 2010 WL 4876765, at *1 (S.D. Ala. Oct. 29, 2010) ("It is clear that transfer of this case is warranted not only because the [federal court within the district of conviction] is more familiar with state courts within its district but also because, in the event an evidentiary hearing becomes necessary, it would be the more convenient forum.").

It is further ORDERED that, by **February 6, 2026**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation. Additionally, such failure waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982) (en banc), *overruled by Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. § 636(b)(1) (2009)); *accord* 11th Cir. R. 3-1.

DONE this 23rd day of January, 2026.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE